UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


CARLOS ROMIOUS, SR.                    CIVIL ACTION

VERSUS                                 NO: 12-13

JEREMIAH NIXON, ET AL.                 SECTION: R


**ORDER AND REASONS**

In this case, plaintiff Carlos Romious has sued various
defendants individually and in their official capacities as state
actors. Plaintiff alleges that defendants, jointly and severally,
violated assorted federal laws, committed various torts, and
breached an oral contract with plaintiff. Romious's complaint
includes no facts to support his legal conclusions. This Order
resolves both: (1) a motion to dismiss brought by certain
defendants to which plaintiff has failed to respond;[1] and (2)
plaintiff's failure to show good cause, despite instruction from
the Court to do so,[2] as to why he has failed to prosecute his
case against the other defendants.

---

[1]    R. Doc. 7.

[2]    R. Doc. 8.

# I.   MOTION TO DISMISS

## A.   Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will

reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

## B.    Discussion

The following defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6): John Tarleton Olivier, Clerk of the Louisiana Supreme Court; Catherine D. Kimball, Chief Justice of the Louisiana Supreme Court; Greg G. Guidry, Associate Justice of the Louisiana Supreme Court; Jeffrey P. Victory, Associate Justice of the Louisiana Supreme Court; Jeannette Theriot Knoll, Associate Justice of the Louisiana Supreme Court; Marcus R. Clark, Associate Justice of the Louisiana Supreme Court; John L. Weimer, Associate Justice of the Louisiana Supreme Court; and Bernette J. Johnson, Associate Justice of the Louisiana Supreme Court.

Plaintiff's omnibus attack includes as defendants Justices of the Louisiana Supreme Court, sued in their official capacities in violation of the 11th Amendment. Several of his allegations,

including claims that the Justices violated antitrust laws, are nonsensical and facially frivolous as a matter of law. Plaintiff has alleged no specific facts whatsoever, and the legal conclusions recited will not suffice to survive a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949-50. Therefore, the Court dismisses plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted.

## II.  FAILURE TO SHOW CAUSE

On February 29, 2012, the Court instructed plaintiff to show good cause, in writing and by March 16, 2012, why he has failed to prosecute his case against the other defendants in this case: Jeremiah Nixon, Chris Koster, James Carrier, Joshua Harrell, Brady Musgrave, Robin Carnahan, Alton Vaughn, Sr., Jim Arnott, Clint Zweifel, Joseph Schoeberl, John Wicheter, Steve Helms, J. Dan Conklin, Thomas Mountjoy, Marilyn Dulaban, Calvin Holden, Jason Brown, Sharon Weedin, Richard Teitelman, John Holstein, George W. Draper, III, Laura Denvir Stith, Mary Russell, Patricia Breckenridge, William Price, Jr., Zel Fischer, Lawton Nuss, Marla Luckert, Carol Beier, Eric Rosen, Lee Johnson, Dan Biles, Gary Fenner, Lisa Mitchell, Katherine Calvert, Danielle Pressler, Jill Anderson, Nancy Moritz, and Peter Bender. The deadline has passed, and plaintiff has failed to respond as required. The

Court further notes that, for reasons already discussed, plaintiff's frivolous complaint fails to state claims against any of the defendants named. Therefore, the above-named defendants are hereby dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted, and the defendants named in the February 29, 2012 Order to show cause are similarly dismissed with prejudice.

New Orleans, Louisiana, this 27th day of March, 2012.

_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE